

$400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JOANNE KLEINER LEVIN as legal
guardian of JOY BARBARA LEVIN,
individually and on behalf of all others
similarly situated,

                   Plaintiff,

                   v.

CRESCENT HOTELS & RESORTS, LLC,

                 Defendant.

Case No. 18 741

**CLASS ACTION COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF**

**FILED**

FEB 2 0 2018

KATE BARKMAN, Clerk
By_____Dep. Clerk

Plaintiff Joanne Kleiner Levin ("Plaintiff"), as legal guardian of Joy Barbara Levin, on

behalf of herself and the proposed class (defined below), brings this action against Crescent Hotels

& Resorts, LLC ("Defendant"):

## INTRODUCTION

1.     For more than 25 years, the Americans with Disabilities Act ("ADA") has required

that individuals with disabilities be provided full and equal access to the goods, services and

facilities provided by hotel owners and operators.

2.     This mandate requires hotel businesses to provide individuals with disabilities

accessible transportation services.

3.     Defendant operates various hotels throughout the United States, and, as part of

those operations, provides hotel customers transportation services.

1

4.     Because of its inadequate corporate policy, Defendant has failed to make its transportation services fully accessible to individuals with disabilities, thereby denying those individuals the same benefits and privileges afforded to guests without disabilities.

5.     Plaintiff accordingly seeks declaratory and injunctive relief establishing that Defendant has engaged in violations of the ADA, and requiring Defendant to comply with the ADA by providing individuals with disabilities accessible transportation services that are equivalent to the transportation services provided to nondisabled guests.

## JURISDICTION AND VENUE

6.     The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

7.     Personal jurisdiction exists for Defendant because it manages and/or operates multiple hotels located in eastern Pennsylvania, including the Hawthorne Suites by Wyndham, Philadelphia Airport, Philadelphia, PA ("Hawthorne Suites").

8.     Venue in the Eastern District of Pennsylvania is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred.

## PARTIES

9.     Plaintiff Joanne Kleiner Levin, at all times relevant hereto, is and was a resident of Montgomery County, Pennsylvania.

10.     Plaintiff is the legal guardian of Joy Barbara Levin, who is a wheelchair user and is limited in the major life activity of walking.

2

11.     As Joy Barbara Levin requires a wheelchair accessible vehicle in order to utilize transportation services offered by hotels, Plaintiff has a personal interest in ensuring that hotels comply with federal requirements governing the provision of accessible transportation services.

12.     Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's goods and services.

13.     Defendant Crescent Hotels & Resorts, LLC is a Delaware corporation headquartered in Fairfax, Virginia.

## FACTUAL ALLEGATIONS

14.     Defendant owns, manages and/or operates many hotels throughout the United States.

15.     As part of these operations, Defendant provides its customers transportation services, including, but not limited to, complimentary shuttle services.

16.     Within the applicable limitations period, Plaintiff called the Hawthorne Suites located in Philadelphia, PA, and was told by an agent of Defendant that Hawthorne Suites provides a complimentary shuttle service for guests.

17.     Plaintiff was told that the complimentary shuttle service was not wheelchair accessible and was told that Defendant would not provide an alternative transportation service.

18.     An investigation performed on Plaintiff's behalf confirmed the allegations made by Plaintiff above.

19.     The investigation performed on behalf of Plaintiff further confirmed that, in addition to the Hawthorne Suites, Defendant owns, manages and/or operates other hotels in the United States that offer transportation services to their guests, but do not offer equivalent

3

transportation services to guests who use wheelchairs or scooters, including but not limited to the following:

A.   Embassy Suites by Hilton Scottsdale Resort located at 5001 N. Scottsdale Road, Scottsdale, AZ 85250.

B.   The Duke Hotel Newport Beach located at 4500 MacArthur Boulevard, Newport Beach, CA 92660.

C.   Clarion Inn Frederick Even Center located at 5400 Holiday Drive, Frederick, MD 21703.

D.   Radisson Baltimore Downtown-Inner Harbor located at 101 West Fayette Street, Baltimore, MD 21201.

E.   Holiday Inn & Suites Farmington Hills – Novi located at 37529 Grand River Avenue, Farmington Hills, MI 48335.

F.   Radisson Hotel Detroit Metro Airport located at 31500 Wick Road, Romulus, MI 48174.

G.   Crowne Plaza Englewood NJ Hotel located at 401 S. Van Brunt Street, Englewood, NJ 07631.

H.   Hotel Indigo Newark Downtown located at 810 Broad Street, Newark, NJ 07102.

I.   Crown Plaza JFK Airport NYC located at 138-10 135th Avenue, Jamaica, NY 11436.

J.   Hilton Garden Inn Stony brook located at 1 Circle Road, Stony Brook, NY 11794.

K.   HNA Palisades Premier located at 334 East Onondaga Street, Syracuse, NY 13202.

L.   Hawthorn Suites by Wyndham Philadelphia Airport located at 7890 Penrose Avenue, Philadelphia, PA 19153.

4

M.    Hilton Garden Inn Philadelphia/Ft. Washington located at 530 West Pennsylvania Avenue, Philadelphia, PA 19153.

N.    Courtyard Dallas Plano/The Colony located at 5917 Stone Creek Drive, The Colony, TX 75056.

O.    Fairfield Inn & Suites Dallas Plano/The Colony located at 6600 Cascades Court, The Colony, TX 75056.

P.    Courtyard Ogden located at 247 24th Street, Ogden, UT 84401.

Q.    Old Colony Inn Alexandria located at 1101 N. Washington Street, Alexandria, VA 22314.

R.    Sheraton Tysons Hotel located at 8661 Leesburg Pike, Tysons, VA 22182.

S.    Wingate by Wyndham Chantilly/Dulles Airport located at 3940 Centerview Drive, Chantilly, VA 20151.

20.    Because of Defendant's inadequate corporate policy, Plaintiff has been, and in the absence of an injunction will be, injured by Defendant's policy and practice of failing to provide equivalent transportation services to persons with disabilities.

## CLASS ALLEGATIONS

21.    Plaintiff brings this action under Rule 23(a) and (b)(2) of the federal rules of civil procedure and on behalf of herself and the following class: "All individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at hotels owned and/or operated by Defendant because of the lack of equivalent accessible transportation services at those hotels."

22.    Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the

5

respective class members through this class action will benefit both the parties and the Court, and will facilitate judicial economy.

23.     Typicality:  Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

24.     Common Questions of Fact and Law:  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's goods, services and facilities due to the policies and practices described above.

25.     Adequacy of Representation:  Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

26.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

### CAUSE OF ACTION
### Violations of 42 U.S.C. §§ 12181, *et seq.*

27.     Plaintiff incorporates by reference each and every allegation herein.

28.     Plaintiff brings this claim individually and on behalf of the class.

29.     Plaintiff is the guardian of Joy Barbara Kleiner, an individual with a disability under the ADA.  42 U.S.C. § 12102(1)(A).

6

30.     Defendant, a hospitality business, is public accommodation under the ADA. 42 U.S.C. § 12181(7).

31.     Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

32.     Defendant operates fixed route systems and demand responsive systems within the meaning of the ADA. 42 U.S.C. § 12181(3) and (4).

33.     For fixed route systems, Defendant must meet the following requirements: a) for all purchases or leases after August 25, 1990, vehicles with a seating capacity over 16 passengers must be wheelchair-accessible; and b) for all purchases or leases after August 25, 1990, vehicles with a seating capacity of under 16 passengers must either be either wheelchair-accessible or equivalent service must be provided. 42 U.S.C. § 12182(B).

34.     For demand responsive systems, Defendant must provide wheelchair-accessible vehicles or ensure that equivalent service is provided. 42 U.S.C. § 12182(C)

35.     Defendant has engaged in illegal disability discrimination by, without limitation, failing to ensure that transportation vehicles in use at the hotels it manages and/or operates are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, by failing to ensure that its hotels provide equivalent accessible transportation services to such individuals, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible transportation services.

36.     Moreover, by failing to provide accessible transportation, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

a)     denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available at Defendant's hotels;

b)     affording individuals with mobility disabilities unequal access to goods, services or facilities;

c)     utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common administrative control; and

d)     failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

37.     Defendant's ongoing and continuing violations of Title III have caused, and in the absence to an injunction will continue to cause harm to the Plaintiff and the class.

38.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgement as follows:

a.     A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant failed to take action reasonably calculated

8

to ensure that Defendant's transportation services were fully accessible to, and independently usable by, individuals with mobility disabilities;

      b.      A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.501 which direct Defendant to take all steps necessary to bring its corporate policy with respect to transportation services into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that those transportation services are fully accessible to, and independently usable by, individuals with disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law.

      c.      An Order Certifying the proposed class, naming Plaintiff is the representative of the class, and designating counsel for Plaintiff as class counsel;

      d.      Payment of costs and reasonable attorneys' fees as provided for by law; and

      e.      Such other additional or alternative relief as the Court finds just and proper.

Dated: February 14, 2018

Respectfully submitted,

/s/

R. Bruce Carlson
bcarlson@carlsonlynch.com
Gary F. Lynch
glynch@carlsonlynch.com
CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh PA, 15222
(412) 322-9243

9